UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE LYNN MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-11-268-CI<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT |

BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, Plaintiff's Response to the court's Order to Show Cause why her Complaint should not be dismissed, and Defendant's Reply to Plaintiff's Response. ECF No. 8, 12, 13, 14. Attorney Jeffrey Schwab represents Julie Lynn Moore (Plaintiff); Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 11. After reviewing the file and briefs submitted by the parties, the court **GRANTS** Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint with prejudice.[1]

---

[1] Both parties have submitted documents as exhibits to their pleadings that the court has considered in its evaluation of Defendant's Motion to Dismiss. ECF No. 10, 13. The court may

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 1

**FACTUAL BACKGROUND**

Plaintiff seeks review pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff protectively filed her Title II application on October 3, 2008. Her application was denied initially on March 4, 2009, and she filed a request for reconsideration. Benefits were denied on reconsideration on July 20, 2009. ECF No. 10 at 21. In the Social Security Administration's (SSA) Notice of Reconsideration, Plaintiff was advised that she could appeal the denial by filing a Request for Hearing by an administrative law judge (ALJ) within 60 days (plus 5 days for mailing) of the date of the notice, i.e., until September 23, 2009. *Id.*; ECF No. 9 at 6.

Defendant's exhibits show that on November 3, 2009, Plaintiff spoke with a representative from the local SSA and completed a Request for Hearing by Administrative Law Judge in which she acknowledged the request was not timely filed. ECF No. 10 at 23-24. On November 17, 2009, ALJ R.S. Chester informed Plaintiff her Request for Hearing was untimely and allowed her to submit information to show she had "good cause" for not filing her request within the prescribed 60-day period. ECF No. 10 at 26; ECF No. 15 at 9. On November 18, 2009, Plaintiff's attorney submitted an unsworn "Good Cause statement," dated November 5, 2009, signed by Plaintiff, and in which Plaintiff indicated she had sent her appeal

---

properly consider these exhibits without converting the Motion to Dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 2

"online" at the end of September 2009.  She stated when she called the local Social Security office in Wenatchee, "a lady from the office in Wenatchee . . . said she saw it there."  ECF No. 15 at 10; ECF No. 10 at 29.  ALJ Chester found Plaintiff's statement did not establish good cause for the untimely filing and dismissed her request for hearing on November 25, 2009.  ECF No. 10 at 30-33.  He specifically found that "the reconsideration determination dated November 3, 2009, is dismissed and the reconsideration determination dated July 20, 2009, remains in effect."

On January 14, 2010, Plaintiff requested a review of the ALJ's dismissal and an extension of 60 days to provide additional evidence.  ECF No. 10 at 34.  On January 26, 2010, Plaintiff's representative asked for a copy of claimant's exhibit file and hearing recording.  ECF No. 15 at 21.  A request for additional time (25 days) was granted on November 23, 2010.  ECF No. 10 at 35.  On February 17, 2011, the Appeals Council notified Plaintiff's attorney there was no hearing recording because no hearing was held and granted an additional 25 days for Plaintiff to submit evidence.  ECF No. 15 at 22.

Plaintiff's counsel reiterated his request for an exhibit file on March 14, 2011.  ECF No. 15 at 25.  Plaintiff's request for review of the ALJ's dismissal of her request for an ALJ hearing was denied by the Appeals Council on May 26, 2011.  ECF No. 10 at 41 (*Notice of Appeals Council Action*).  In its Notice, the Appeals Council found that no additional evidence to establish good cause was submitted, and no exhibit file was provided because there was no hearing held; therefore, there was no exhibit file in connection with Plaintiff's claim.  *Id*.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 3

**LEGAL STANDARD**

In seeking Social Security benefits, a claimant's failure to follow administrative procedures within the stated time period, without "good cause," precludes further administrative review and the right to judicial review. 20 C.F.R. § 404.900(b). Sections 405(g) and (h) of the Social Security Act require a claimant to have obtained a "final decision . . . made after a hearing," to obtain judicial review of a decision of the Commissioner. 42 U.S.C. § 405(g); *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). A final decision is defined as "presentiment of the claim for benefits to the Commissioner, and (2) complete exhaustion of administrative remedies." *Johnson v. Shalala*, 2 F.3d, 918, 921 (9th Cir. 1993). The Ninth Circuit has ruled specifically that the Commissioner's discretionary decision to dismiss an untimely request for review is not a "final decision" under § 405(g) and not subject to judicial review. *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990) (judicial review of denial of untimely request for review would "frustrate Congress' intent to forestall belated litigation of stale claims"); *see also Brandtner v. Department*, 150 F.3d 1306, 1307 (10th Cir. 1998). Thus, where a claim is dismissed due to a claimant's failure to request an ALJ hearing within the applicable time period without good cause, subject-matter jurisdiction is lacking under 42 U.S.C. § 405(g); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993).

Absent complete exhaustion, the district court nevertheless has subject-matter jurisdiction if there is a "colorable constitutional claim" that would otherwise provide independent subject-matter jurisdiction. *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997); *Hoye*, 985 F.2d at 991. A constitutional claim is not

colorable if made solely for the purpose of obtaining jurisdiction, is insubstantial, or frivolous. An unsupported allegation of a due process violation does not raise a "colorable" claim sufficient to render subject-matter jurisdiction. *Hoye, supra*, at 991-92.

In addition, the exhaustion requirement may be waived by the court if a claimant makes a showing that: (1) her claim is collateral to a substantive claim for benefits (collaterality); (2) denial of relief will cause irreparable harm (irreparability); and (3) further exhaustion would be futile, *i.e.,* resolution of the claim by the court "would not serve the purposes of exhaustion[2] (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (*quoting Johnson*, 2 F.3d at 921); *see also Heckler v. Ringer,* 466 U.S. 602, 618 (1984) (court may not second-guess the Commissioner's judgment where administrative procedures reasonably fulfil the purposes of exhaustion). Examples of claims held to merit waiver of the exhaustion requirement are claims challenging the Commissioner's failure to ensure uniform standards in review, the agency's policy of withholding benefits when SSI beneficiaries are without a representatives; claims of violation of a constitutional right. *Id*.

**ISSUES**

The primary issue presented is whether this court has subject-matter jurisdiction. Defendant contends the court does not have subject-matter jurisdiction because Plaintiff failed to fully

---

[2] The exhaustion requirement not only allows the agency to compile a complete factual record, it allows the agency to apply its very specialized expertise in "administering its own regulations." *Kildare*, 325 F.3d at 1084.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 5

exhaust her claim. Specifically, he argues Plaintiff did not file a timely request for an ALJ hearing and the Appeals Council properly denied Plaintiff's appeal of the ALJ's dismissal of her request for hearing. ECF No. 10. Absence of an ALJ hearing is not disputed, but Plaintiff appears to argue she was denied due process because Defendant did not provide her with a copy of her exhibit file so she could determine if the ALJ "overlooked a timely online appeal." ECF No. 15 at 4. She also contends she was denied her right to appeal the ALJ's dismissal of her case.[3] *Id*. at 4-5.

**DISCUSSION**

**A. The Complaint**

Plaintiff filed a Complaint for judicial review on July 19, 2011. ECF No. 1. In her Complaint she alleges "the evidence was taken and the hearing as held and as a result, Plaintiff's claim was dismissed on November 25, 2009." *Id.* at 1. She further alleges a "timely appeal was taken to the Appeals Council . . . and after consideration by the Appeals Council, Plaintiff's claim for Social Security disability benefits was denied by the Appeals Council by the Final Order, dated May 26, 2011, and signed by Patricia Smith, Administrative Appeals Judge." *Id.* at 2. However, this misstates the facts, which are a established by exhibits attached to Plaintiff's Response to Defendant's Motion to Dismiss.

---

[3] Careful review of the pleadings indicates the ALJ did not dismiss her case; rather he dismissed her request for an ALJ hearing which effectively ended the administrative process without a "final order after hearing" necessary for judicial review. *See Bowen v. City of New York*, 476 U.S. 467, 471-72 (1986); 42 U.S.C. § 405(g).

For example, Defendants' exhibits show Plaintiff's request for an ALJ hearing, dated November 3, 2009, was denied by ALJ Chester on November 25, 2009, after he had given her additional time to show good cause why her request for hearing was not filed within the requisite 65 days. ECF No. 10 at 31-32. As stated in her memorandum, Plaintiff "does not dispute that no hearing was held." ECF No. 15 at 5.

Further, Plaintiff's characterization of the Appeals Council's action denying review of the ALJ's request for hearing as a "Final Order" is without factual or legal basis. As found by the Supreme Court, the Appeals Council discretionary decision to dismiss an untimely request for review is not a "final decision of the Secretary made after a hearing" under § 405(g). *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Plaintiff's mere allegation in her Complaint that she is appealing a "Final Order" of the Commissioner is not sufficient to confer subject-matter jurisdiction. Documentation submitted by both parties establishes as a matter of law that Plaintiff did not request a hearing by an ALJ within the requisite 60 days (plus days for mailing), her untimely request for hearing was denied for failure to show good cause, no ALJ hearing was held, the Appeals Council properly exercised its discretion in denying review of the ALJ's dismissal of her request, and no final decision after hearing was obtained. ECF No. 10, ECF No. 15.

With these facts established, the Social Security Act does not permit judicial review unless Plaintiff demonstrates waiver of the exhaustion requirement is justified, or constitutional questions are in issue. *Bowen,* 476 U.S. at 471-477 (1986) (summarizing SSA

administrative process to satisfy exhaustion requirement and bases for waiver of exhaustion); *Sanders*, 430 U.S. at 109 (constitutional claims do not require exhaustion).

**B.  Waiver of the Exhaustion Requirement**

Plaintiff effectively asks this court to waive the exhaustion requirement and remand her case to the Commissioner for an administrative hearing to be held to consider the "timeliness" of her request for hearing so she can fully exhaust her claim for benefits.  ECF No. 15 at 6.  Plaintiff makes no showing that the three elements required for waiver, collaterality, irreparability, and futility, are present.

Her claim is not collateral to a claim for benefits.  A claim is collateral if it is not "inextricably intertwined" with a claim for benefits.  For example, a claim is collateral if it challenges administrative policies and procedures, and does not interfere prematurely with agency processes.  *Johnson v. Shalala,* 2 F.3d 918, 922 (9th Cir. 1993); *see also Kildare*, 325 F.3d at 1082 (a collateral claim "rises and falls on its own, separate from the merits of [a claimant's] claim for benefits")(*quoting Heckler v. Ringer,* 466 U.S. 602, 618 (1984).  Here, Plaintiff's claim before this court is "entirely dependant on her underlying claim for benefits." *Id.*  It is not a meritorious challenge to policy or established procedures.  Specifically, she requests this court to reverse ALJ Chester's decision denying her request for hearing and order a hearing on the "timeliness of her appeal."  ECF No. 15 at 6.  Thus, her claim is a clear challenge to the merits of the ALJ's decision and an attempt to reinstate her claim for benefits.  *See Bowen v. City of New York*, 476 U.S at 483.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 8

Plaintiff has not alleged facts to constitute a "colorable claim" of irreparability.  To do so, she must show that exhaustion would have caused her harm that could not be repaired through retroactive payments.  *See Johnson v. Shalala,* 2 F.3d at 922.  She makes no such showing.

Finally, Plaintiff makes no showing that the purposes of the exhaustion requirement are irrelevant to her case.  The exhaustion requirement allows the SSA to compile a detailed factual record for each claimant, apply agency expertise, correct its own errors through administrative review, and conserve judicial resources. *Johnson*, 2 F.3d at 922. Exhaustion would not be futile in Plaintiff's claim for benefits.  It would allow for a factual record to be developed and assessed by agency experts to determine if she is eligible for benefits.  Plaintiff's failure to comply with administrative requirements does not render exhaustion futile or justify waiver of the exhaustion requirement.[4]

**C.   Constitutional Claim**

In *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977), the Supreme Court recognized an exception to the exhaustion requirement where there is a colorable constitutional claim.  *Bray v. Astrue*, ____ F.3d ____ (9th Cir. 2012), *available at* 2012 WL 3901540.  The Ninth

---

[4] Plaintiff, in essence, asks the court to substitute its judgment for that of the ALJ, order her case back to the Commissioner for the very process that exhaustion requires.  This is not the role of the reviewing court under § 405(g). 20 C.F.R. §§ 416.1468(b), .1403(a)(8), .1460, .1457; *Matlock*, 908 F.2d 493-94; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 9

Circuit has held specifically that this exception applies to a constitutional claim of due process violation that implicates a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. A "'mere allegation of a due process violation' is not a colorable constitutional claim." *Bray*, 2012 WL 3901540, *supra at* *4 (*citing Hoye*, 985 F.2d at 992).

Plaintiff's attempt to characterize the agency's alleged denial of access to her file as a constitutional issue is unpersuasive. Plaintiff failed to exhaust her administrative remedies, despite several extensions of time to file evidence of good cause. Correspondence submitted by the parties indicate Plaintiff was given meaningful opportunities to submit additional information to support her contention that she had filed online, but she submitted nothing more than a brief, unsworn statement that she filed online sometime in September 2009. The ALJ's conclusion that this statement did not establish good cause is not judicially reviewable. *Matlock*, 908 F.2d at 494. Further, the court file shows when Plaintiff talked with a SSA representative on November 3, 2009, to complete a Request for Hearing by an ALJ, she acknowledged that her request for hearing was untimely, and offered no explanation or proof that she had filed within the required 60 days. ECF No. 10 at 23-24.

Exhibits submitted show Plaintiff's representative's requests for an exhibit file and hearing recording were acknowledged by the agency and, as explained by the agency, there was neither an exhibit file compiled nor recording made because a hearing was never held. ECF No. 15 at 21-23. Indeed, Plaintiff's failure to adhere to administrative procedures and request a hearing within the requisite 60 days prevented the creation of the exhibit file she was seeking.

Plaintiff cites no legal authority for her contention that the denial of her request for an exhibit file after the November 25, 2009, dismissal rises to the level of a substantive or procedural due process violation that would warrant waiver of the exhaustion requirement.

Plaintiff's argument that she was denied her right to appeal the ALJ's dismissal of her request for hearing is not supported by exhibits submitted by both parties. *See* ECF No. 10 at 26, 30-32, 35-38; ECF No. 15 at 9, 12-13. The Commissioner's regulations provide that the Appeals Council will review a case under specific circumstances: where there appears to be an abuse of discretion by the administrative law judge; there is an error of law; the ALJ's decision is not supported by substantial evidence; or "there is a broad policy or procedural issue that may affect the general public interest." 20 C.F.R. § 404.970(a). Plaintiff makes no showing that any of these circumstances apply. Rather, she appears to argue the Appeals Council denial of review after giving her an opportunity to provide additional evidence was a due process deprivation. Her argument is without merit.

Plaintiff does not allege that she was denied notice or a meaningful opportunity to be heard. Her bare allegations that she was denied her right to appeal and her "right to obtain the exhibit file for review" are insufficient to state a due process claim. Exhibits submitted to this court show Plaintiff was provided several notices of decision that explain in detail how to request review and what her responsibilities were to provide additional evidence. ECF 10 at 18-20, 21-22, 25-26, 30-31. In addition to this notice, the agency extended the time during which she could to submit

1 information to explain her delay. She did not provide any
2 additional information or explanation. ECF No. 10 at 26. Plaintiff
3 fails to raise a constitutional issue that justifies waiver of the
4 exhaustion requirement.

**CONCLUSION**

Plaintiff's failure to timely file a request for administrative law judge hearing precludes judicial review. Because Plaintiff failed to obtain a final decision under the Social Security Act, judicial review is not available. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 8, is GRANTED.**
2. Plaintiff's Complaint, **ECF No. 1, 4,** is **DISMISSED** for lack of subject-matter jurisdiction under 42 U.S.C. § 405(g).
3. Judgment shall be entered for **DEFENDANT**.

The Court Executive is directed to file this Order, provide copies to counsel for the parties, and close the file.

DATED January 3, 2013.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING PLAINTIFF'S COMPLAINT - 12